**IT IS SO ORDERED.**

**SIGNED THIS: April 09, 2009**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| IN RE<br><br>RANDY E. BYERS and<br>JUDY E. BYERS<br><br>            Debtors | Chapter 12<br>No.  08-81053 |

**ORDER CONFIRMING
FIRST AMENDED CHAPTER 12 PLAN OF REORGANIZATION
[11 USC §1225]**

The first amended plan of reorganization under Chapter 12 of the Bankruptcy Code filed by the debtors on March 13, 2009, having been transmitted to creditors and equity security holders (if any); and it having been determined after hearing and notice that:

1.    The plan complies with the provisions of Chapter 12, Title 11, United States Code, and with the other provisions of Title 11.

2.    Any fee, charge, or amount required under Chapter 123 of Title 28, or by the plan, to be paid before confirmation, has been paid, or has been deposited with the Chapter 12 trustee pending entry of an appropriate order of disbursement.

3.    The plan has been proposed in good faith and not by any means forbidden by law.

4.    The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtors were liquidated under Chapter 7 of Title 11, United States Code, on such date.

5. With respect to each allowed secured claim provided for by the plan:

   a. The holder of such claim has accepted the plan;

   b. 1. The plan provides that the holder of such claim retain the lien securing such claim; and

   2. The value, as of the effective date of the plan, of property to be distributed by the trustee or the debtors under the plan on account of such claim is not less than the allowed amount of such claim; or

   c. The debtors have surrendered the property securing such claim to such holder; and

6. The debtors will be able to make all payments under the plan and to comply with the plan.

7. If the trustee or the holder of an allowed unsecured claim has objected to the confirmation of the plan, the plan, as of its effective date, provides:

   a. That the value of the property to be distributed under the plan on account of such claim is not less than such claim; or

   b. The plan provides that all of the debtors' projected disposable income to be received in the three-year period, or such longer period as the court may approve under §1222(c), beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

8. All payments made or promised by the debtors or by a person issuing securities or acquiring property under the plan or by any other person for services or for costs and expenses in, or in connection with, the plan and incident to the case, have been fully disclosed to the court and are reasonable or, if to be fixed after confirmation of the plan, will be subject to the approval of the court.

**IT IS ORDERED THAT:**

1. The first amended plan of reorganization filed by debtors on March 13, 2009 is confirmed, with the following amendment:

   a. Payments through the trustee shall be for five years, not three.

2. The debtors shall comply with the court's standard reporting order (entered earlier) and file a final report up to and including the date of the confirmation of this plan. Thereafter, the monthly reporting requirement is terminated, except as required by the Chapter 12 Trustee.

3. On confirmation, all stale liens indexed against the debtors or property of the estate shall be released by the secured party. "Liens" include mortgages, statutory liens (including mechanic's and judgment liens), security interests and financing statements. A "stale lien" is any lien which, upon confirmation of the plan does not immediately thereafter secure property of the reorganized entity. A prepetition lien which in fact secures postconfirmation property of the reorganized entity is not affected except as provided in the plan (including amendments), and the order of confirmation.

4. The Chapter 12 trustee's fee in this case is fixed at 5% of the amount actually distributed to creditors by the trustee, to be paid concurrently with the payments to creditors as provided in the plan.

5. The provisions of the confirmed plan bind the debtors, and any creditor or other party in interest, whether or not the claim or interest of such creditor or party is impaired under the plan and whether or not such creditor or party in interest has accepted the plan.

6. Except as otherwise provided in the plan or in this order, the confirmation of the plan vests all of the property of the estate in the debtors.

7. Except as otherwise provided in the plan or in this order, after confirmation of the plan, the property dealt with in the plan is free and clear of all claims and interests of creditors and other parties in interest.

8. Debtors may obtain post-confirmation financing secured by assets which have revested in the debtors without further order of court. Debtors may also use revested property to the extent it is not encumbered by this plan or order of confirmation to secure post-confirmation credit. 11 USC §1227. Without limitation of the foregoing, debtors may, without further order of court:

    a. Obtain loans from United States of America, acting through United States Department of Agriculture, Commodity Credit Corporation, secured by grain.

    b. Obtain loans secured by post-petition crops.

Debtors shall give the Chapter 12 Trustee advance written or verbal notice of their intention to borrow pursuant to this section.

9. Debtors affirm all executory contracts (whether pre-petition or post-petition) between themselves (or either of them) and the United States of America, acting through the United States Department of Agriculture.

10. Except as otherwise provided in the plan or in this order, the completion of payments to the unsecured creditors under the plan:

    A. Discharges the debtors of all debts provided for by the plan allowed under 11 USC §503 or disallowed under 11 USC §502, except any debt --

    (i) provided for under 11 USC §§1222(b)(5) or 1222(b)-(10); or

3

      (ii) of the kind specified in 11 USC §523(a).

11.    Pursuant to §502, the court shall retain post-confirmation jurisdiction to consider and to reconsider all claims. The payments to creditors under the plan are estimated and are based upon the amount believed due. Until confirmation and thereafter until all claims have been allowed, exact amounts cannot be determined. The allowed secured claim of any junior secured creditor shall be recomputed and the payments adjusted accordingly (based upon the interest rate and amortization set forth in the plan, the amendments thereto or as agreed) after the amount of all senior liens and encumbrances have been determined and deducted from the gross value of the junior creditor's collateral.

###